United States District Court
Southern District of Texas
**ENTERED**
January 05, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| U.S. Bank N.A., as Trustee for the Registered Holders of Mastr Asset Backed Securities Trust, 2006-AM1, Mortgage Pass-Through Certificates, Series 2006-AM1, § § § § § § § § *Plaintiff,* § § v. § § Venissa Ford a/k/a Venissa Mosley, Jason Mosley, Quinten Tyler, Cheryl Ahamba, Bernal Lindsey, Bermoine Lindsey, Jr., Destiny Ross, Jermoine Lindsey, Elaine Jackson a/k/a Elaine Jackson Lindsey, as Next-Friend of A.L., a Minor, Adrain Lindsey, Marcus Lindsey, and Diana Lindsey § § § § § § § § § § § § § *Defendants.* § | Case No. 4:22-cv-3499 |

## MEMORANDUM AND RECOMMENDATION

In this foreclosure action, two motions are pending. While initially *pro se*, Defendant Diana Lindsey filed a motion seeking to compel the release of funds from a non-party insurer. *See* Dkt. 26. After retaining counsel, Lindsey filed a motion under Federal Rule of Civil Procedure 12(b)(1) to dismiss all claims brought by Plaintiff U.S. Bank N.A., as Trustee for the Registered Holders of Mastr Asset Backed Securities Trust, 2006-AM1, Mortgage Pass-

Through Certificates, Series 2006-AM1 ("U.S. Bank"). Dkt. 34, 35.[1] U.S. Bank responded to the motion, Dkt. 36, and Lindsey submitted more documents related to her motion, Dkt. 37. The case was then referred to the undersigned judge. Dkt. 39. After carefully considering the parties' briefs, U.S. Bank's live pleading, and the applicable law, it is recommended that Lindsey's motion to dismiss (Dkt. 34, 35) be denied.

## Background

The following facts from U.S. Bank's pleadings are taken as true at this stage. In 2005, Leal Lindsey ("Borrower") executed a note payable to Aames Funding Corporation DBA Aames Home Loan ("Aames") and secured by Borrower's home (the "Property"). Dkt. 6 at 7; Dkt. 6-1 at 2-5 (PX-A, note); Dkt. 6-1 at 7-29 (PX-B, security instrument). Aames indorsed the note in blank; no other endorsements were made. Dkt. 6 at 7; Dkt. 6-1 at 31-35 (PX-C, assigned note). U.S. Bank currently owns the note. Dkt. 6 at 7.

The note and security instrument required timely payment of principal, interest, charges, and fees, giving the lender the right to demand immediate full payment for non-compliance. Dkt. 6 at 8. The lender could enforce its rights by selling the Property. *Id.*

---

[1] Lindsey's motion is procedurally improper. The rules preclude a party from filing "a motion and separate 'Memorandum of Law.'" *See* Judge Alfred H. Bennett, Court Procedures & Practices, Rule B(5)(a). But in the interests of efficiency, the Court proceeds to resolve the motion. Future non-compliant filings will be stricken.

Starting April 1, 2022, no further payments were made on the note. *Id.* U.S. Bank sent a notice of default. *Id.*; Dkt. 6-1 at 37-46 (PX-D, notice of default). Because the default was not cured, U.S. Bank then accelerated the debt. Dkt. 6 at 8; Dkt. 6-1 at 48-51 (PX-E, notice of intent to accelerate).

In October 2022, U.S. Bank filed this suit against Borrower seeking a declaratory judgment and to foreclose on the Property. Dkt. 1 at 9. In December 2022, U.S. Bank learned that Borrower had passed away on March 15, 2022. Dkt. 6 at 8. Pursuant to the Texas Estates Code, Borrower's heirs acquired interests in the Property upon her death, subject to the outstanding debt owed to U.S. Bank. *Id.* U.S. Bank then amended its complaint to substitute Borrower's heirs as defendants. *See id.* at 1.

At that time, no probate was opened for Borrower's estate. *Id.* at 7. Lindsey, then *pro se*, filed a motion to compel an insurer, PHH Mortgage, to provide funds "to cover the cost of the property in controversy and the requested amount by" U.S. Bank. Dkt. 26.

Subsequently, an application for probate administration was filed.[2] *See* Application for Administration, *In re Estate of Leal Lindsey*, No. 23-CPR-039305 (Fort Bend Co. Ct. at Law No. 3, Tex. May 18, 2023). A month later,

---

[2] Although not provided by the parties, the Court takes judicial notice of this public record. *See Castro v. United States*, 2021 WL 1393857, at *2 (S.D. Tex. Apr. 13, 2021) (citing *Ctr. for Biological Diversity, Inc. v BP Am. Prod. Co.*, 704 F.3d 413, 422-23 (5th Cir 2013) for judicial notice of public records when reviewing Rule 12(b)(1) motions).

3

Lindsey—now represented by counsel—moved to dismiss U.S. Bank's claims, contending that the probate exception precludes subject matter jurisdiction. Dkt. 34 at 1. U.S. Bank filed a response, Dkt. 36, and Lindsey filed a supplement reflecting that she was issued letters of independent administration, Dkt. 37. The motion is ripe for resolution.

## **Legal standard**

"Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). The plaintiff bears the burden to establish that subject-matter jurisdiction exists. *Id.* "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *Id.* at 287.

## Analysis

### I. This Court has subject matter jurisdiction over the suit.

Lindsey asserts that U.S. Bank's claims should be dismissed because this Court lacks subject-matter jurisdiction. Dkt. 35 at 1. She argues that U.S. Bank's suit implicates the probate exception to diversity jurisdiction because U.S. Bank seeks foreclosure of property within the control of the probate court. *Id.* at 4-5. U.S. Bank responds that Lindsey's appointment as the independent administrator of Borrower's estate means that the Property is not within the probate court's control. Dkt. 36 at 8.

U.S. Bank is correct that the independent administration of Borrower's estate obviates Lindsey's reliance on the probate exception. But as a separate threshold matter, the doctrine of prior exclusive jurisdiction confirms that this Court has subject matter jurisdiction over this suit.

#### A. The doctrine of prior exclusive jurisdiction confers this Court with jurisdiction.

In their briefs, the parties overlook a critical point: U.S. Bank filed this suit long before any probate proceedings commenced. Under the doctrine of prior exclusive jurisdiction, the subsequent filing of probate does not divest this Court of jurisdiction. Consistent with its duty to raise jurisdictional matters *sua sponte*, *see Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004), the Court applies this doctrine and finds it dispositive.

5

The probate exception to federal jurisdiction, which the parties invoke, reflects the principle that "when one court is exercising in rem jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *See Marshall v. Marshall*, 547 U.S. 293, 311 (2006). "*Marshall* requires a two-step inquiry into (1) whether the property in dispute is estate property within the custody of the probate court and (2) whether the plaintiff's claims would require the federal court to assume *in rem* jurisdiction over that property." *Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Cir. 2013). Both requirements must be met for the probate exception to apply. *See id.*

Lindsey's invocation of the probate exception falters at the first step. As shown below, the probate court did not acquire jurisdiction over the Property because this Court had already assumed that jurisdiction.

"[T]he jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)). "This time-of-filing rule … measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing …." *Id.* at 571.

For suits requiring custody or control of property, the court presiding over the first-filed suit acquires constructive possession of the property. *Penn Gen. Cas. Co. v. Pa. ex rel. Schnader*, 294 U.S. 189, 196 (1935). This jurisdiction

6

"attaches upon the filing of the bill of complaint in court, at least where process subsequently issues in due course." *Id.*

Further, under the doctrine of prior exclusive jurisdiction, if "two suits are *in rem*, or *quasi in rem*, so that the court … must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought[,] the jurisdiction of the one court must yield to that of the other." *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939). Accordingly, "the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other." *Id.* "Where federal action and a parallel state action involving the same controversy are both proceedings in rem or quasi in rem, so that the granting of effective relief requires possession or control of the res, the court which first assumes jurisdiction acquires exclusive jurisdiction and deprives the other court of power to decide the case." *PPG Indus., Inc. v. Cont'l Oil Co.*, 478 F.2d 674, 677 (5th Cir. 1973).

The Sixth Circuit's analysis in *Chevalier v. Estate of Barnhart* is instructive. 803 F.3d 789 (6th Cir. 2015). There, a lender filed a federal diversity action against a borrower, seeking to foreclose on a property to secure repayment on certain loans. *Id.* at 792-93. After the lender's claims were dismissed, and while the appeal was pending, the borrower died. *Id.* at 793. The county probate court then began administering the borrower's estate. *Id.*

7

This turn of events led the Sixth Circuit to examine whether the probate exception precluded it from resolving the lender's appeal. *Id.* at 794.

In *Chevalier*, the court applied the doctrine of prior exclusive jurisdiction to conclude that the subsequent initiation of probate proceedings did not divest it of jurisdiction. *Id.* at 804. As the court noted, this doctrine is "closely related to the probate exception," given how courts have invoked the Supreme Court's articulation of the probate exception when describing "how the prior-exclusive-jurisdiction doctrine operates." *See id.* at 803 (quoting the articulation of the prior exclusive jurisdiction doctrine in *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011), which parroted the probate exception in *Marshall*, 547 U.S. at 311).

As further support, the *Chevalier* court invoked Supreme Court decisions addressing the federal courts' subject-matter jurisdiction in forfeitures cases that, like foreclosures, are also *in rem*. *Id.* (citing *Republic Nat'l Bank of Miami v. United States*, 506 U.S. 80 (1992)). In forfeiture actions, "an event that occurs after the complaint is filed does not divest a court of subject-matter jurisdiction over the property" unless "the release of the property would render the judgment useless" because it could not be restored to the claimants. *Id.* at 804 (internal quotation marks omitted).

Based on these principles, the *Chevalier* court held that "the probate exception does not divest a federal court of subject-matter jurisdiction unless a

8

probate court is already exercising *in rem* jurisdiction over the property at the time the plaintiff files her complaint in federal court." *Id.* Because the property that the lender "s[ought] to foreclose was not in the custody of a state probate court" when the federal complaint was filed, "jurisdiction [was] vested in the federal courts" and any subsequent event or action did not affect the lender's claims. *Id.* (internal quotation marks omitted).

*Chevalier* is on all fours with this case. Like the lender's suit in *Chevalier*, U.S. Bank's foreclosure claims vested this Court with jurisdiction "upon the filing of the bill of complaint," and "process subsequently issue[d]" before the application for probate administration was filed. *See Penn Gen. Cas. Co.*, 294 U.S. at 196; c*ompare* Dkt. 1 (original complaint, filed October 2022), Dkt. 4 (summons to Borrower, October 2022), Dkt. 6 (first amended complaint, filed December 2022), *and* Dkt. 9 (summons to heirs, December 2022), *with* Application for Administration, *In re Estate of Leal Lindsey*, No. 23-CPR-039305 (Fort Bend Cnty. Ct. at Law No. 3, Tex. May 18, 2023). Lindsey herself conceded that, as recently as April 2023, "no probate was ever filed for the decedent in accordance with Texas Estate Codes ...." *See* Dkt. 26 at 1.

Moreover, the Court had jurisdiction over this suit upon its filing because U.S. Bank and Defendants are citizens of different states and the value of the Property exceeds $75,000. *See* Dkt. 6 at 5-6 (detailing this information); Dkt. 34 at 4 (admitting that defendants are citizens of Texas); 28 U.S.C. § 1332.

9

That "jurisdiction may not be divested by subsequent events." *See Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991) (per curiam) (addressing diversity of citizenship for 28 U.S.C. § 1332).

The foregoing authorities undermine Lindsey's reliance on her letters of independent administration stating that the probate court maintains "jurisdiction and venue over the [Borrower's] estate." *See* Dkt. 37 at 2. As addressed above, the subsequent probate proceedings did not wrest jurisdiction from this Court. A court's *in rem* "jurisdiction over the res, once established, remains until the termination of the suit." *Cmty. Bank of Lafourche v. Lori Ann Vizier, Inc.*, 541 Fed. App'x 506, 510 (5th Cir. 2013) (citing *Republic Nat'l Bank of Miami*, 506 U.S. at 88-89). Because this Court "first assum[ed] jurisdiction over the [P]roperty" once U.S. Bank filed its complaint, the Court "may maintain and exercise that jurisdiction to the exclusion of the [probate court]." *See United States v. Sid-Mars Rest. & Lounge, Inc.*, 644 F.3d 270, 275 (5th Cir. 2011) (quoting *Princess Lida of Thurn & Taxis*, 305 U.S. at 466). For this reason alone, this Court should deny Lindsey's motion to dismiss.

**B.    The independent administration of Borrower's estate also means that the probate court did not assume custody over the Property.**

Even apart from the doctrine of prior exclusive jurisdiction, the probate exception to jurisdiction still would not apply. This result hinges on the distinction under Texas law between independent and dependent administrations. As U.S. Bank correctly explains, *see* Dkt. 36 at 6-9, because Borrower's estate is independently administered, the probate court does not control the Property. The first requirement for the probate exception therefore is unmet. *See Curtis*, 704 F.3d at 409 (probate exception applies only if the property is within the probate court's custody).

"The primary distinction between an independent administration and a dependent administration is the level of judicial supervision over exercise of the executor's power." *Eastland v. Eastland*, 273 S.W.3d 815, 821 (Tex. App.—Houston [14th Dist.] 2008, no pet.). "Executors in a dependent administration and other personal representatives can perform only a limited number of transactions without seeking a court's permission." *Id.* Independent executors and administrators, however, may act "without a court order." *See* Tex. Est. Code Ann. § 402.002; *see also id.* § 22.017 (the term "independent executor" includes an independent administrator). Once an "independent executor" has been appointed, "further action of any nature may not be had in the probate

11

court except where [the Probate Code] specifically and explicitly provides for some action in court." *Id.* § 402.001.

As a general rule, "the appointment of an independent executor withdraws the estate from the supervision and control of the probate court, … and so long as it remains in the hands and under the control of the executor, the probate court has no jurisdiction to approve a claim against the estate." *Rowland v. Moore*, 174 S.W.2d 248, 250 (Tex. 1943) (collecting authorities and citing Tex. Rev. Civ. Stat. Ann. art. 3436, now codified as Tex. Est. Code Ann. § 402.001, *et seq.*). For example, provisions "governing creditor's claims in dependent administrations do not apply to independent administrations[,]" Tex. Est. Code Ann. § 403.058, including those related to a claim holder's application to foreclose its "mortgage, lien, or security interest on property," *see* Tex. Est. Code Ann. §§ 355.156-160.

Here, even assuming the probate court had assumed custody over the Property after this suit was filed, that custody terminated upon Lindsey's appointment as independent administrator. The probate court granted Lindsey letters of independent administration, giving her control of the estate. *See* Dkt. 37-1 at 8-10 (DX-6). As independent administrator, Lindsey "would not need the probate court's permission to sell the property" or settle U.S. Bank's claim to the Property. *See Fin. of Am. Reverse LLC v. Greenberg,* 2020 WL 13413221, at *3 (S.D. Tex. Nov. 19, 2020); *see also* Tex. Est. Code Ann.

§ 402.052 (independent administrator has the same power of sale as a personal representative has in a supervised administration, but without the requirement of court approval). Because Lindsey, as independent administrator, has custody over the property, the probate court "has no jurisdiction to approve a claim against the estate." *See Rowland*, 174 S.W.2d at 250. The probate exception does not apply.

## II. Lindsey cannot compel a third-party insurer to release funds.

Before retaining counsel, Lindsey submitted a filing styled as a "motion to compel the release of decease [sic] homeowner insurance funds to settle this civil suit." Dkt. 26. The motion requests that PHH Mortgage, which she describes as the insurer of the Property, be required "to cover the cost of the property in controversy and the requested amount by" U.S. Bank.[3] *Id.* at 1.

There is no legal basis for Lindsey's requested relief. PHH Mortgage is not a party to this suit. That alone precludes compelling it to provide any funds. And even if PHH Mortgage insured the Property, Lindsey submitted no evidence suggesting that the policy would cover the amounts sought by U.S. Bank for non-payment of the loan. Nor is there any indication that Lindsey has the right to compel payment of any such benefits. Lindsey's motion to compel PHH Mortgage to "release" insurance funds should be denied.

---

[3] Based on other filings, PHH Mortgage appears to be the loan servicing company, not an insurer. *See* Dkt. 1-1 at 38 (PHH Mortgage name on notice of default).

13

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Defendant Diana Lindsey's motion to dismiss (Dkt. 34, 35) be **DENIED**. It is further **RECOMMENDED** that Lindsey's motion to compel release of homeowner insurance funds (Dkt. 26) be **DENIED**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on January 5, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge