United States District Court
Southern District of Texas
**ENTERED**
February 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. BANK N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-03499 |
| | § | |
| LEAL LINDSEY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are United States Magistrate Judge Yvonne Y. Ho's Memorandum and Recommendation (Doc. #66) and Plaintiff U.S. Bank N.A.'s (the "Plaintiff") Objections (Doc. #67). The Magistrate Judge's findings and conclusions are reviewed de novo. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and applicable legal authority, the Court adopts the Memorandum and Recommendation as its Order.

In this case, Plaintiff seeks a declaratory judgment and to foreclose on real property located at 7118 Bahia Lane, Missouri City, Texas 77489. Doc. #54. On October 4, 2024, Plaintiff filed a Motion for Summary Judgment. Doc. #61. In her Memorandum and Recommendation, Judge Ho determined that Plaintiff's Motion for Summary Judgment should be denied because Plaintiff relies on evidence it failed to disclose under Rule 26 of the Federal Rules of Civil Procedures. *See* Doc. #66. Specifically, Judge Ho notes that Plaintiff failed to disclose: (1) the witness whose affidavit Plaintiff relies on; (2) the documents attached to its summary-judgment motion; and (3) its computation of damages. *Id.*

Federal Rule of Civil Procedure 26(a)(1) governs initial disclosures and requires parties to provide all documents, witnesses, and other materials they intend to use to support their claims or defenses. FED. R. CIV. P. 26(a)(1)(A). As a sanction for non-disclosure, if a "party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

Pursuant to Fed. R. Civ. P. 37(c)(1), Judge Ho determined that Plaintiff's undisclosed summary judgment evidence should be stricken. Doc. #66 at 4. That determination was fatal to Plaintiff's ability to meet its burden in seeking summary judgment. *Id.* In its Objections, Plaintiff argues for the first time that its failure to serve Rule 26 disclosures was harmless and, therefore, the Court should consider its summary judgment evidence. *See* Doc. #67. However, Plaintiff did not raise this argument with Judge Ho after Defendant requested to strike the evidence due to Plaintiff's discovery violations. *See* Doc. #64 at 6–12. In fact, Plaintiff never filed a reply addressing these allegations. The Fifth Circuit has held that "a party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge." *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998). Accordingly, Plaintiff's objections to the Memorandum and Recommendation are overruled.

In conclusion, the Court adopts the Memorandum and Recommendation (Doc. #66) as its Order. The Motion for Summary Judgment (Doc. # 61) is hereby DENIED.

It is so ORDERED.

FEB 1 4 2025
Date

The Honorable Alfred H. Bennett
United States District Judge